UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Respondent | § | |
| | § | |
|    vs. | § | Criminal No. C-08-104 |
| | § | |
| JUAN DELGADO, | § | Civil No. C-10-38 |
|    Petitioner | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND ORDER DENYING CERTIFICATE OF APPEALABILITY

Pending before the court is Movant Juan Delgado's (Delgado) motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 67). The Court ordered the government to respond (D.E. 68) and the government did so on October 20, 2010 (D.E. 90). Delgado did not file a reply. For the reasons set forth herein, the Court denies Delgado's § 2255 motion. Additionally, the Court denies Delgado a Certificate of Appealability.

## I. FACTUAL BACKGROUND AND PROCEEDINGS

### A.  Summary of the Offense

Delgado was traveling in a tractor/trailer which was stopped at the Sarita checkpoint in Kenedy County, Texas for an immigration inspection on February 7, 2008. A Border Patrol dog alerted to the tractor trailer and upon further inspection, nineteen bundles of marijuana, weighing approximately 206.60 kilograms, were found concealed in several large cargo bins in the trailer. Delgado was arrested (Dkt. No. 1).

1

### B. Criminal Proceedings

On February 27, 2008 Delgado was charged with one count of conspiracy to possess with intent to distribute approximately 188 kilograms of marijuana, and one count of possession with intent to distribute approximately 188 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B) (Dkt. No. 11). He was detained without bond pending trial and counsel was appointed to represent him (Dkt. No. 6, 9). Pursuant to a plea agreement, Delgado pleaded guilty to Count 1 of the indictment and the Court dismissed Count 2 (Dkt. No. 21, 40, 47). The Court ordered that a Pre-Sentence Investigation Report ("PSR") be prepared (Dkt. No. 22).

The PSR calculated Delgado's base offense level as a 26, pursuant to U.S.S.G. §§ 2D1.1 and 2D1.1(c)(3) (PSR at ¶ 11). The PSR recommended an eight-level career offender enhancement based on Delgado's prior criminal history, according to U.S.S.G. §§ 4B1.1 (PSR at ¶ 17). A three-level downward adjustment for acceptance of responsibility was recommended, resulting in a total offense level of 31 (PSR at ¶ 18, 19). Delgado's criminal history score was 9 and because he was a career offender, his criminal history category was VI (PSR at ¶ 24-26).

At the sentencing hearing, the parties discussed petitioner's objections to the PSR, including Delgado's objection to his prior walkaway escape from a halfway house being characterized as a crime of violence (Sent. Trans., Dkt. No. 51, pp. 16-19). The Court agreed that a walkaway escape did not appear to be a crime of violence, but stated that it was bound by precedent in the Fifth Circuit Court of Appeals that such an escape is considered a crime of violence (Sent. Trans., Dkt. No. 51 at 19-22).

Based in part on petitioner's prior conviction for escape from federal custody, which added three points to his criminal history computation (PSR at ¶ 22), Delgado was sentenced to a 188-

2

month term of incarceration in the Bureau of Prisons, to be followed by a five-year term of supervised release (Sent. Trans., Dkt. No. 51, p. 25). He filed a direct appeal, challenging the characterization of his walkaway escape from a halfway house as a crime of violence. On April 30, 2009, the Fifth Circuit affirmed Delgado's conviction and sentence. United States v. Delgado, 320 Fed. Appx. 286 (5th Cir. 2009)(per curiam). Delgado sought a writ of certiorari from the United States Supreme Court, but the petition for writ was denied on December 2, 2009 (Dkt. No. 66).

## II. MOVANT'S ALLEGATIONS

The clerk's office received the instant 28 U.S.C. § 2255 motion on February 1, 2010. Delgado makes the following arguments: (1) The District Court erred by imposing an eight-level career offender enhancement based on petitioner's prior federal escape; (2) His attorney was ineffective for failing to fully investigate whether the district court erred by imposing an eight-level career offender enhancement; (3) His counsel was ineffective for failing to appeal the Fifth Circuit decision and (4) His appellate counsel was ineffective for failing to request a rehearing *en banc*. In its response to the motion, the government argued that movant's attorney did not provide ineffective assistance because the issue was raised both at sentencing and on direct appeal and decided against petitioner in both instances. In addition, the government argues that movant's attorney was not ineffective for failing to file a motion for *en banc* rehearing because a defendant is not entitled to a discretionary appeal as a matter of right and is not entitled to court-appointed counsel to pursue it.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence; (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughan, 955 F.2d 367, 368 (5th Cir. 1992).

**B.   Challenge to Sentence**

To the extent Delgado is arguing that the Court erred in its application of the sentencing guidelines, his claim is not cognizable in this proceeding.  In a motion brought pursuant to § 2255, a movant may raise only "constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed."  United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999).  Misapplication of the sentencing guidelines does not fall into either category and therefore is not cognizable in a § 2255 motion.  Id.  Moreover, issues raised and disposed of in a previous appeal from an original judgment and conviction are not considered in § 2255 motions.  United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986).

In addition, Delgado's claim fails on its merits.  Delgado argues that under the decision in Chambers v. United States, 555 U.S. 122, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009), his walkaway escape from the halfway house should not be considered a crime of violence.  In Chambers, the Court discussed whether a petitioner's failure to report for weekend confinement four out of eleven weeks, and who was later convicted of "failing to report to a penal institution" had committed a

crime of violence for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The Court noted that it considers the classification of the crime, rather than the actual crime committed by the defendant. Chambers, 129 S.Ct. at 690 (citing James v. United States, 550 U.S. 192, 204-206, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007)). The Court looked at the Illinois statute under which Chambers had been convicted of failing to report for periodic imprisonment and found that it was separate and different from the crime of escape, which also was described in the statute. Id. at 691 (examining Ill. Comp. Stat., ch. 720, § 5/31-6(a)). The court then stated that the failure to report would seem less likely to involve a risk of physical harm than the less passive, more aggressive behavior underlying an escape from custody. Id. (citing Begay v. United States, 553 U.S. 137, 28 S.Ct. 1581, 1586, 170 L.Ed.2d 490 (2008)). The Court further noted that the statute listed escape and failure to report separately, both in the title and the body of the statute, and also placed the behaviors in two different felony classes of different degrees of severity. Id.

After deciding that "failure to report" was different from "escape," the Court determined that failing to report did not involve conduct that presents a serious potential risk of physical injury to another, as contemplated by the ACCA. Id. at 691-692 (citing Begay, 128 S.Ct. at 1583-1585). Accordingly, the Court found that the crime at issue in Chambers fell outside the scope of the ACCA definition of "violent felony." Id. at 692-693.

Delgado's situation differs from that of Chambers in that although he argues that he simply walked away from his halfway house and presented no threat of violence, the indictment in the prior case describes his departure from the halfway house as an escape, in violation of 18 U.S.C. § 751(a). See United States v. Delgado, Criminal No. 1:02-622 (S.D. Tex., Jan. 29, 2003). The generic crime is what is at issue for purposes of the ACCA. "In determining whether [a] crime is a violent felony,

5

we consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual might have committed it on a particular occasion." Begay, 553 U.S. at 141, 128 S.Ct. at 1584.  See also Shepard v. United States, 544 U.S. 13, 26, 125 S.Ct. 1254, 1263, 161 L.Ed.2d 205 (2005)(sentencing court may look, for example, at charging document, terms of plea agreement or sentencing colloquy to determine crime at issue).

In the Fifth Circuit, escape has long been considered a violent felony for purposes of the career offender enhancement in U.S.S.G. §§4B1.1 and 4B1.2.  In United States v. Ruiz, 180 F.3d 675, 676-677 (5th Cir. 1999), the Fifth Circuit held that escapes from a community treatment center or a correction center qualify as crimes of violence under §4B1.2.  The Court found that the sentencing guideline definition applies, even when the facts of the underlying escape indicate that no risk of harm existed, because courts do not look at the underlying facts, but only at the indictment.  Id. (citing United States v. Mitchell, 113 F.3d 1528 (10th Cir. 1997)).  Based on Ruiz, the court properly characterized Delgado's walkaway escape as a crime of violence under the Sentencing Guidelines.

### C. Ineffective Assistance of Counsel

Petitioner also contends that he received ineffective assistance from his attorney.  To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-prong test set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001).  He must show that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable.  Id., 466 U.S. at 687-88, 104 S.Ct. at 2064.  Petitioner must show

"significant prejudice" in a noncapital context. Armstead v. Scott, 37 F.3d 202 (5th Cir. 1994)(citing Spriggs v. Collins, 993 F.2d 85, 88, n. 4 (5th Cir. 1993)).

Judicial scrutiny of counsel's performance must be highly deferential and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. at 2065. A court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id., 466 U.S. at 690, 104 S.Ct. at 2066.

To establish prejudice as a result of an alleged error at sentencing, a § 2255 movant must show that there is a reasonable probability that, but for counsel's alleged error, the sentencing would have been different. See United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000). This requires him to show a reasonable probability that he would have received a lesser sentence. United States v. Grammas, 376 F.3d 433, 438-39 (5th Cir. 2004). If the movant fails to prove one of the two prongs, it is not necessary to analyze the other. See Armstead, 37 F.3d at 210 ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

The crux of Delgado's complaints about his attorney, who represented him both at trial and on appeal, is that she did not pursue more zealously the argument that Delgado's prior walkaway escape from a halfway house was not a crime of violence. He argues that she should have

investigated more fully whether the district court erred by imposing an eight-level career offender enhancement, that she should have sought an *en banc* hearing from the Fifth Circuit and that she should have sought a writ of certiorari from the United States Supreme Court.

However, the record shows that at trial, Delgado's attorney did argue that his walkaway should not be considered a crime of violence (Sent. Trans., Dkt. No. 51, pp. 16-19). The Court agreed with petitioner's counsel regarding the nature of the escape, but found the argument to be foreclosed by Fifth Circuit precedent (Id. at 19-20). Delgado's attorney also presented a thorough, well-reasoned argument on appeal that the walkaway should not be considered a crime of violence. See Brief for Appellant at 11-19, Delgado, 320 Fed. Appx. 286. Nevertheless, the Fifth Circuit, citing Ruiz and distinguishing Chambers, held that Delgado's escape was a crime of violence. Accordingly, Delgado's attorney did not provide ineffective assistance at trial or when she filed movant's appeal.

Delgado also argues that his counsel was ineffective for failing to file a motion for rehearing *en banc*, and for failing to seek a writ of certiorari on his behalf. However, assuming that Delgado asked his attorney to file the motion for rehearing and/or the petition for certiorari, appellate counsel's refusal to file a petition for rehearing and/or for writ of certiorari does not raise a cognizable constitutional violation. The right to effective assistance of counsel for a criminal defendant extends only to a first appeal of right. Evitts v. Lucey, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); Clark v. Johnson, 227 F.3d 273, 283 (5th Cir. 2000). See also Ross v. Moffitt, 417 U.S. 600, 610, 94 S.Ct. 2437, 2444 (1974)(Due Process clause does not require that indigent defendant be provided with counsel for discretionary appeal). Moreover, as discussed above, even if his counsel had sought rehearing or a writ of certiorari, it is highly unlikely that

petitioner would have prevailed, given the Fifth Circuit precedent on the issue. Therefore, petitioner cannot show prejudice.

For all of these reasons, Delgado is not entitled to relief based upon his walkaway escape being classified as a crime of violence or for any ineffective assistance of counsel claim arising from the classification. Accordingly, his § 2255 motion for relief is DENIED.

### D.     Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Delgado has not yet filed a notice of appeal, the § 2255 Rules instruct that this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules. The Court thus turns to whether Delgado is entitled to a COA.

A COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

To warrant a grant of the certificate as to claims on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented

deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(relying upon Slack, 529 U.S. at 483-484).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Delgado is not entitled to a COA. That is, reasonable jurists could not debate the Court's conclusion that Delgado's claims fail on their merits, or debate that the issues he raised deserve encouragement to proceed further. See Jones, 287 F.3d at 329.

## IV. CONCLUSION

For the above-stated reasons, Delgado's motion under 28 U.S.C. § 2255 (Dkt. No. 67) is DENIED. The Court also DENIES Delgado a Certificate of Appealability.

**SIGNED** on this 28th day of March, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE